**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

SHARKNINJA OPERATING LLC and SHARKNINJA SALES COMPANY,

*Plaintiffs,*

v.

SHENZHEN SHI YOUDIAN KAOPU SHEJI YOUXIAN GONGSI,

*Defendant.*

CASE NO.: 1:26-cv-15018

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs SharkNinja Operating LLC and SharkNinja Sales Company (together, "SharkNinja") allege as follows against Defendant Shenzhen Shi Youdian Kaopu Sheji Youxian Gongsi ("Defendant").

1. This is an action for patent infringement arising from Defendant's making, using, offering for sale, selling, and importing into the United States unauthorized products that infringe SharkNinja's design patent. SharkNinja owns U.S. Patent No. D1,076,580 (the "'580 Patent").

2. The '580 Patent is valid, subsisting, and in full force and effect. SharkNinja is the owner and lawful assignee of all right, title, and interest in the '580 Patent, which was duly issued by the United States Patent and Trademark Office. A true and correct copy of the '580 Patent is attached as **Exhibit A**.

3. Defendant directly and indirectly imports, develops, designs, manufactures, distributes, markets, offers for sale, and sells products that infringe the '580 Patent in the United States, including in this Judicial District, and Defendant purposefully directs infringing activities to this District. Defendant conducts marketing and sales activities through fully interactive e-commerce storefronts on major online marketplaces (collectively, "Internet Stores").

4. SharkNinja's Ninja SLUSHi frozen drink makers (collectively, the "Ninja SLUSHi") incorporate the ornamental design claimed in the '580 Patent. Defendant's Azmsary-branded frozen drink makers sold through Internet Stores also embody that claimed ornamental design and are inferior imitations of the Ninja SLUSHi.

5. As a result of Defendant's infringing actions, SharkNinja has suffered and continues to suffer irreparable harm from the loss of its exclusive rights to make, use, sell, offer for sale, and import products embodying the patented design, and therefore seeks injunctive relief.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because SharkNinja asserts claims arising under the patent laws of the United States, including 35 U.S.C. §§ 1 et seq.

7. Defendant is subject to personal jurisdiction in this District because it purposefully directs business activities to the United States, including to the Commonwealth of Massachusetts and this Judicial District, through fully interactive e-commerce storefronts accessible to consumers in Massachusetts.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Defendant committed acts of infringement in this District and transacts business here. Venue is also proper under 28 U.S.C. § 1391(c)(3).

## THE PLAINTIFFS

9. SharkNinja Operating LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 89 A Street, Suite 100, Needham, Massachusetts 02494. SharkNinja Operating LLC is the registered applicant and assignee of the '580 Patent.

SharkNinja Sales Company is a wholly owned subsidiary of SharkNinja Operating LLC. SharkNinja Sales Company is an implied licensee of the '580 Patent.

10. SharkNinja began three decades ago with a mission to provide efficient, user-friendly, and affordable household appliances. From its start as a one-person company, SharkNinja has grown into a market leader and global brand with more than twenty categories of home appliance products, including floorcare, environmental products such as fans and purifiers, kitchen appliances, and frozen drink makers and systems. SharkNinja now has eight offices and thousands of employees in the United States.

11. SharkNinja has a well-known history as a pioneer and innovator. It devotes significant resources to research and development, including a team of more than 800 design engineers focused on developing new products and features to improve and transform household appliances. This approach has been overwhelmingly successful: SharkNinja has been awarded more than 4,500 patents on its home-appliance technologies and designs, and the '580 Patent asserted in this action reflects that history of innovation.

12. SharkNinja is involved in the sale and distribution of the Ninja SLUSHi and has been harmed by Defendant's infringing activities.

**THE NINJA SLUSHi**

13. This action concerns SharkNinja's intellectual property rights related to its "i" class of home appliances, and specifically the Ninja SLUSHi, which brings innovative solutions to home kitchens. SharkNinja began the "i" class with the Ninja FOODi line of multi-cookers. Its innovation continued with the Ninja CREAMi, an ice-cream maker launched in August 2021 that drew significant consumer and press attention for allowing users to create ice-cream–style desserts from nearly any ingredient. SharkNinja expanded the lineup with the Ninja SPEEDi, a 10-in-1

rapid cooker launched in March 2023, and the Ninja THIRSTi, a carbonated beverage maker released in July 2023. One of SharkNinja's most recent offerings in this lineup is the Ninja SLUSHi, a countertop frozen drink maker that brings the professional-grade slush machine into the home.

14. Launched on July 11, 2024, the Ninja SLUSHi created a new frozen-drink appliance category for home consumers. Before the Ninja SLUSHi, slush machines of this kind were available predominately in retail environments due to their large size, high price point, and complicated operation. The Ninja SLUSHi reimagines the classic slush machine for the home, permitting consumers to make frozen slush drinks safely and quickly without ice. Examples of the Ninja SLUSHi are shown below:




*Ninja SLUSHi*



*Ninja SLUSHi XL*



*Ninja SLUSHi Max*

15. Following its launch, the Ninja SLUSHi gained a passionate consumer following, including numerous positive online reviews. Its success resulted from months of consumer research, engineering, development, and industrial design work by SharkNinja. SharkNinja holds significant intellectual property rights relating to the innovations in the Ninja SLUSHi, including the dasher design claimed in the '580 Patent.

16. SharkNinja later introduced the Ninja SLUSHi XL and SLUSHi Max Smart Frozen Drink Makers, which feature larger-capacity (128 and 150 oz) mixing vessels, faster cooling, and SharkNinja's SlushAssist™ technology. That technology senses ingredients and auto-adjusts temperature while maintaining a countertop-sized form factor.

17. The Ninja SLUSHi includes the Ninja SLUSHi Professional Frozen Drink Maker (model FS301), the Ninja SLUSHi XL Smart Frozen Drink Maker, and the Ninja SLUSHi Max Smart Frozen Drink Maker.

18. SharkNinja is the official source of the Ninja SLUSHi in the United States.

19. SharkNinja Operating LLC is the owner and lawful assignee of all right, title, and interest in the '580 Patent.

20. The Ninja SLUSHi embodies the ornamental design depicted and claimed in the '580 Patent.

## THE '580 PATENT

21. SharkNinja has filed for and obtained patent protection for its technological developments and ornamental designs in the field of frozen drink makers. The innovative ornamental design claimed in the '580 Patent is the product of significant research, testing, and design efforts by SharkNinja's engineers.

22. The '580 Patent concerns frozen drink makers. See Ex. A. Specifically, it claims aspects of the ornamental design of a dasher for a drink maker, as shown in exemplary Figures 1 and 5 of the '580 Patent, reproduced below. The dashed broken lines in the figures illustrate portions of the dasher that form no part of the claimed design:

| FIG. 1 of the ’580 Patent | FIG. 5 of the ’580 Patent |
|---|---|
|  *FIG. 1 (top, front, and right side perspective view)* |  *FIG. 5 (right side view)* |

23. The ’580 Patent contributes to the success of the Ninja SLUSHi because the claimed dasher is a distinctive and visible element of the product’s overall appearance.

24. SharkNinja recognized the importance and market value of the ’580 Patent and has used the ornamental design claimed in the ’580 Patent in the Ninja SLUSHi.

25. SharkNinja has marked the Ninja SLUSHi with the ’580 Patent’s number, including by stating on the product box that “[t]his product may be covered by one or more U.S. Patents. See sharkninja.com/patents for more information.” That URL directs to the following marking, which lists the Ninja SLUSHi (FS3 series), including the Ninja SLUSHi Professional Frozen Drink Maker (FS301), with the ’580 Patent:

**Ninja Frozen Drink Makers**

**Ninja SLUSHi® (FS3 series)**

- 12,279,629
- 12,285,028
- D1,076,580
- D1,081,231
- D1,081,232
- D1,081,233
- D1,081,234
- D1,091,236
- D1,143,781
- 12,446,594
- 12,593,855
- 12,610,966
- 12,714,123
- 12,721,362

## THE DEFENDANT

26. Defendant Shenzhen Shi Youdian Kaopu Sheji Youxian Gongsi is, on information and belief, a limited company organized under the laws of the People's Republic of China, with a business address at Room 506, No. 2, Xinmei Xin'er Lane, Xinweizai, Gangtou Community, Bantian Subdistrict, Longgang District, Shenzhen City, Guangdong Province, 518129, China. Public records, including the "AZMSARY-US" storefront on Amazon.com (Seller ID: A2JDDVKF1ZK9R9), which identifies its business name as "shenzhenshiyoudiankaopushejiyouxiangongsi" and its business address as the address above, indicate that Defendant operates the Amazon store that sells the Azmsary-branded frozen drink makers that embody the '580 Patent.

27. The Amazon.com listing for the Azmsary-branded frozen drink maker (ASIN: B0H9QD2HN6) identifies the brand as "AZMSARY" and the seller as "AZMSARY-US."

28. On information and belief, Defendant sells, offers to sell, distributes, or facilitates the sale of Azmsary-branded frozen drink makers to consumers in the United States, including in this District, through fully interactive e-commerce marketplaces and online storefronts accessible to Massachusetts residents.

29. Defendant sells the Azmsary-branded frozen drink makers (the "Accused Products") that bear a striking resemblance to the Ninja SLUSHi and make unauthorized use of the ornamental design claimed in the '580 Patent.

30. An exemplary image of the Azmsary unit, taken from its Amazon.com listing, and photographs of the dasher of an Accused Product are shown below at left, with the Ninja SLUSHi (FS301) and its dasher at right for reference:

| Azmsary (Amazon.com listing) | Ninja SLUSHi |
|---|---|
|  *Azmsary listing, front view* *Source: Amazon.com listing, https://www.amazon.com/dp/B0H9QD2HN6, captured November 6, 2026* |   ***Ninja SLUSHi listing, front view*** *Source: Amazon.com listing for Ninja SLUSHi Professional Drink Maker, FS301* |
|  *Accused Product dasher, view corresponding to FIG. 1* |  *Ninja SLUSHi dasher* |

**<u>FIRST CLAIM FOR RELIEF</u>**

***(Infringement of U.S. Patent No. D1,076,580)***

31. SharkNinja incorporates and realleges paragraphs 1 through 30 of this Complaint.

32. SharkNinja is the assignee of the ’580 Patent, entitled “Drink Maker Dasher,” with ownership of all substantial rights in the ’580 Patent, including the rights to exclude others from practicing the patented design and to enforce, sue, and recover damages for infringement.

33. The ’580 Patent is valid, enforceable, and was duly issued on May 27, 2025, from U.S. Patent Application No. 29/944,388, filed on May 28, 2024.

34. Defendant has made, used, offered to sell, sold, and/or imported into the United States Azmsary-branded frozen drink makers, including the Accused Products, that appropriate the patented ornamental design of the ’580 Patent, and thus directly infringe the ’580 Patent under 35 U.S.C. § 271(a).

35. The Accused Products embody and appropriate the overall visual appearance and ornamental features claimed in the ’580 Patent and are substantially the same in overall impression to the patented design.

36. For example, the Accused Products bear a substantially similar overall ornamental appearance to the design claimed in the ’580 Patent, shown below. The dashed broken-line portions of the figures form no part of the claimed design and are not relied on in this comparison.

| Figure from the ’580 Patent | Image of Accused Azmsary Dasher |
|---|---|
|  *FIG. 1 (perspective view)* |  *Accused Product dasher, view corresponding to FIG. 1* |

| Figure from the ’580 Patent | Image of Accused Azmsary Dasher |
|---|---|
|  *FIG. 5 (right side view)* |  *Accused Product dasher* |

37. At a minimum, Defendant has had knowledge of the ’580 Patent since the filing date of this Complaint. In addition, SharkNinja has provided constructive notice of the ’580 Patent through its public patent-marking page, https://www.sharkninja.com/patents.html, since at least October 25, 2025.

38. SharkNinja has been damaged by Defendant’s infringement and is entitled to equitable relief under 35 U.S.C. § 283.

**PRAYER FOR RELIEF**

WHEREFORE, SharkNinja respectfully requests that the Court enter judgment in its favor and against Defendant, and award the following relief:

a. A judgment that Defendant has infringed the ’580 Patent under 35 U.S.C. § 271(a).

b. A preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, restraining Defendant and its subsidiaries, officers, agents, servants, employees, attorneys, and all persons or entities in active concert or participation with it from making, using, offering to sell, selling, or importing into the United States any products, including Azmsary-branded frozen drink makers and the Accused Products, that embody, appropriate, or are colorably similar to the ornamental design claimed in the ’580 Patent.

c. Such further and additional relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), SharkNinja demands a trial by jury on all issues so triable.

Dated: November 9, 2026

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

*/s/ Emyr T. Remy*
Emyr T. Remy (BBO# 704156)
One Federal Street, Suite 2620
Boston, MA 02110
(617) 531-1411
remy@shb.com

***Attorneys for Plaintiffs***
***SHARKNINJA OPERATING LLC and***
***SHARKNINJA SALES COMPANY***